# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ORANGEBURG DIVISIONS

| | |
|---|---|
| ROBERT E. LYON, JR., Individually and as Personal Representative of the Estate of MARY LYON WOLFE,<br><br>Plaintiff,<br><br>vs.<br><br>TAKATA CORPORATION, TAKATA, INC., TK HOLDINGS INC., HIGHLAND INDUSTRIES, INC., HONDA MOTOR CO., LTD., HONDA R & D CO., LTD., AMERICAN HONDA MOTOR CO., INC., AND HONDA OF AMERICA MFG., INC.,<br><br>Defendants. | Civil Action No. 5:14-cv-04485<br><br><br>**PLAINTIFF'S EMERGENCY MOTION FOR THE PRESERVATION OF EVIDENCE OF ALL TAKATA RUPTURED INFLATORS REMOVED FROM ACCIDENT VEHICLES AND ALL NON-RUPTURED INFLATORS BEING REPLACED UNDER ONGOING HONDA RECALLS** |

COMES NOW PLAINTIFF, Robert E. Lyon, Jr., by and through the undersigned Counsel of Record and pursuant to the Federal Rules of Civil Procedure 26 and other applicable Rules and laws and hereby moves this Court for an Order putting in place a preliminary, pre-MDL assignment Evidence Preservation Order requiring Defendants Takata Corporation, Takata, Inc., and TK Holdings Inc. (hereinafter the "Takata Defendants" or "Takata") and Highland Industries, Inc., Honda Motor Co., Ltd., Honda R & D Co., Ltd., American Honda Motor Co., Inc., and Honda of America Mfg., Inc. (hereinafter the "Honda Defendants" or "Honda") to secure and preserve certain evidence solely in their possession for later use in discovery and other future proceedings in this litigation.

More specifically, Plaintiff asks this Court to Order the Honda and Takata Defendants to secure and preserve, in unaltered form:

1

    a.       Any and all ruptured inflators previously removed from accident or defective field vehicles and currently in the possession of the Honda and/or Takata Defendants; and

    b.       Any and all un-ruptured canisters removed under recall proceedings by and/or currently in the possession of the Honda and/or Takata Defendants.

Also, as it regards the above-referenced evidence, Plaintiff further moves the Court for an Order requiring that the Honda and Takata Defendants deliver any and all defective or suspect ruptured and/or recalled but un-ruptured inflators previously removed from accident, defective, and/or recalled field vehicles within 10 days to some jointly agreed upon and/or Court-designated location in the United States to ensure preservation and competent storage of those items for and up until the date of later analysis and disposition in aid of discovery in this case by all parties to the litigation.

    a.       Upon information and belief, some or all of those ruptured inflators, previously removed, are currently being removed from the United States and being shipped and held at certain undisclosed Takata facility locations in Japan which could compromise their integrity and future evidentiary value and/or subject them to being misplaced such that they will require transfer to the United States for special, continued preservation purposes;

    b.       Also, to ensure preservation of the un-ruptured canisters previously and currently being removed from vehicles involved in the ongoing recall proceedings, an agreed upon or Court-ordered storage site, facility, or location should be designated as well for protection of those items under the supervision of the Court and for shared testing in aid of later discovery in this case.

The grounds for this motion are as follows:

1.  The action styled above involves a death that occurred on February 15, 2008 in Orangeburg, South Carolina, as a result of the general negligence, gross negligence, reckless conduct, and breaches of warranty of the Honda and Takata Defendants, and its claims asserted arise out of their faulty design, selection, inspection, testing, manufacture, assembly, equipping, marketing, distribution, and sale of a defective and unreasonably dangerous automobile airbag system and uncrashworthy automobile.

2.  Those claims asserted, however, are not unique to this accident or the defective Honda vehicle that lead to Plaintiff Decedent Mary Lyon Wolfe's death, for they involve Honda manufactured automobiles equipped with defective Takata airbag inflators, or the component parts which have since become the subject of a number of ongoing multiple jurisdiction legal actions, federal investigations and automotive recalls.[1]

3.  More specifically, as the Complaint further describes, due to the Honda and Takata Defendants' bad actions, those recent investigations and recalls, which began in 2008, have dramatically increased since October of 2014 when the National

---

[1] *See* NHTSA Campaign Number 08V593000, http://www-odi.nhtsa.dot.gov/owners/SearchResults (last visited Jan. 9, 2015) (issued Nov. 14, 2008 and covering certain 2001 Honda Accords and Civics) and NHTSA Campaign Number 14V353000, http://www-odi.nhtsa.dot.gov/owners/SearchResults (last visited Jan. 9, 2015) (issued June 20, 2014 and covering certain model year 2001-2007 Accord (4-cylinder), 2001-2002 Accord (V6), 2001-2005 Civic, 2002-2006 CR-V, 2003-2011 Element, 2002-2004 Odyssey, 2003-2007 Pilot, 2006 Ridgeline, 2003-2006 Acura MDX, and 2002-2003 TL/CL vehicles). *See also* NHTSA Campaign Number 09V295000, http://www-odi.nhtsa.dot.gov/owners/SearchResults, last visited (Jan. 9, 2015)(issued July 29, 2009 and expanding the first recall to include certain 2001-2002 Honda Accords and Civics and 2002-2003 Acura TL vehicles); NHTSA Campaign Number 10V041000, http://www-odi.nhtsa.dot.gov/owners/SearchResults (last visited Jan. 9, 2015) (issued Feb. 11, 2010 and expanding the prior recalls to include certain 2001- 2003 Honda Accords, Civics, Odysseys, CR-Vs, Pilots, and certain 2002-2003 Acura TL and CL vehicles); NHTSA Campaign Number 11V260000, http://www-odi.nhtsa.dot.gov/owners/SearchResults (last visited Jan. 9, 2015) (issued April 27 2011 and expanding the recalls to include certain 2001-2004 Honda Accords, Civics, Civic Hybrids, Odysseys, CR-Vs, Pilots, and certain 2002-2003 Acura TL and CL vehicles).

Highway Traffic Safety Administration ("NHTSA") issued a consumer advisory report to warn all potentially impacted Takata-airbag vehicle owners of the serious and dangerous nature of the defective Takata airbag inflator component parts.[2]

4.    In that and the other reports, the defect described involves the passenger's front airbag inflators, manufactured by the Takata Defendants, which can produce excessive internal pressure due to ammonium nitrate chemical reactions and cause the airbag inflator canister to rupture and/or explode violently upon deployment to spray metal shrapnel into the cabin towards unsuspecting passengers in the Honda cars.[3]

5.    Apparently, the ammonium nitrate compound that Takata has and continues to use in manufacturing its airbag inflators, since 2001, is particularly vulnerable to moisture and changes in temperature, but nevertheless, for nearly two decades, the Takata Defendants have struggled to tame the inexpensive but unstable compound and Honda has continued to install the dangerous and defective Takata-manufactured airbag inflators in its cars.[4]

6.    Also, despite its knowledge, since at least 2004, that the Takata airbags, and particularly the inflator component parts, were dangerous and defective, Takata continues to use the chemical in its airbags thought to play a central role in the airbag ruptures, resulting in continued injuries to passengers and deaths of drivers on the road.[5]

---

[2] *See id.*
[3] *See id.*
[4] Hiroko Tabuchi, "Airbag Compound Has Vexed Takata for Years," *New York Times* (Dec. 9, 2014) (confirming that other airbag manufacturers like Autoliv have reported that ammonium nitrate's sensitivity to temperature changes renders the compound "unacceptable" for typical airbag use, a danger which is only enhanced by the fact that keeping ammonium nitrate sufficiently dry "is generally impractical for most manufacturing situations.")
[5] Hiroko Tabuchi, "Air Bag Flaw, Long Known to Honda and Takata, Led to Recalls," *New York Times* (Sept. 11,

7.      The use of ammonium nitrate has caught the attention of lawmakers and the NHSTA, which has also, as of October 30, 2014, ordered Takata to produce documents related to its use of the compound to detail every time it has changed its composition and answer questions related to defective airbag inflators under oath.[6]

8.      Also on October 30, 2014, NHTSA's Office of Defects Investigation ("ODI") published an ODI Resume for Investigation No. AQ 14-004 initiating an investigation into Honda "in order to investigate the extent and scope of Honda's reporting failures, as well as the reason(s) for such failures and the steps being taken by Honda to assure full compliance with TREAD reporting requirements."[7]

9.      As a result, the investigations and recall notices have implicated the vehicle manufacturers, and especially Honda, as well, as the evidence shows that the Honda Defendants are also all directly responsible for a number of Takata airbag inflator defect-related accidents, injuries, and deaths, including but not limited to the wrongful and untimely death of Plaintiff's Decedent, Mary Lyon Wolfe.

10.     In addition to NHSTA, the Department of Justice has also, by federal grand jury subpoena issued by the United States District Court for the Southern District of New York on November 13, 2014, begun an investigation into whether Takata misled U.S. regulators about the number of defective airbags it sold to automakers, including Toyota and Honda, and Takata was also called to testify before the United States Senate Committee on Commerce on November 20, 2014.

11.     Also since that time, the Honda Defendants have acknowledged their failure to

---

2014).
[6] Aaron Kessler, "Takata, Supplier of Defective Airbags, Ordered to Submit Records," *New York Times* (Oct. 30, 2014).
[7] *See id.*

5

report over 1,700 deaths and injuries for more than a ten-year period up until 2014, and as a result, they have agreed, as of January 8, 2015, to pay $70 million in civil penalties and fines to resolve federal regulators' probe into its wrongful acts and omissions and alleged lapses in early warning reporting.

12.     In its press release announcing Honda's agreement to pay the penalties, NHTSA representatives emphasized that: "Honda and all the automakers have a safety responsibility and they must live up to it – no excuses . . . These fines reflect the tough stance we will take against those who violate the law and fail to do their part in the mission to keep Americans safe on the road."[8]

13.     Nevertheless, the Takata Defendants continue to stand by their continued use of ammonium nitrate in the replacement airbags and continue to claim that the airbags they manufacturer are safe.

14.     During the Congressional hearings, the Takata Defendants' representatives testified that they began an investigation into airbag ruptures in 2007 but attributed them to manufacturing flaws in the propellant: as Hiroshi Shimizu, Takata's chief quality officer claimed, "[t]he ammonium nitrate that we are using, it's safe and stable." But as recently as December 2013, Takata has filed a patent application that points to lingering concerns over the compound's vulnerability to moisture and changes in temperature.[9]

15.     Additionally, Takata has refused to expand its own airbag recalls beyond the limited geographic areas associated with high heat and humidity based upon claims that it

---

[8] http://www.law360.com/articles/609568/breaking-honda-fined-70m-for-failing-to-report-deaths-to-nhtsa (last visited Jan 8, 2015).
[9] Hiroko Tabuchi, "Airbag Compound Has Vexed Takata for Years," *New York Times* (Dec. 9, 2014).

is "searching for the root cause behind recent airbag ruptures in those regions."[10]

16.     Based upon the foregoing, Plaintiff believes that the Honda and Takata Defendants should not necessarily be trusted to protect and produce all evidence relevant and important to this case.

17.     Additionally, the Plaintiff is concerned and has a reasonable reason to believe that only Takata is controlling the disposition of all of these inflators such that Takata may be, over a large majority of the necessary case evidence, in a position of exclusive possession and control.

18.     Given Takata's present track record and lack of reliability, Plaintiff is seriously concerned about irreparable harm and prejudice if a Preservation Order is not entered at this early stage of the litigation.[11]

19.     Therefore, Plaintiff comes now to submit this request for an Order of Preservation from this Court to ensure that any evidence, materials, documents, etc. relevant and pertinent to the claims in the above titled action is/are appropriately supervised, stored, and protected for the purposes further investigation and in the best interest of all parties involved.

20.     Pursuant to the law of this jurisdiction, both Defendants Honda and Takata have a duty to preserve evidence that they know, or reasonably should know, is relevant to the pending lawsuit, *Silvestri v. General Motors*, 271 F.3d 583, 591 (4th Cir.2001), and this Court does have the authority to issue such preservation orders. *See, e.g., Chambers v. NASCO, Inc*., 501 U.S. 32, 43, (1991) (noting that courts

---

[10] *See id.*
[11] Plaintiff is not in any way asserting counsel for Defendants would not exercise their best efforts or perform their job, but Defense Counsel cannot control or predict the actions of their clients for which Plaintiff has no appreciable degree of trust.

have inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Ex Parte Dibble,* 310 S.E.2d 440, 442 (S.C. Ct. App. 1983) (confirming that, under South Carolina law, "[c]ourts have the inherent power to do all things reasonably to insure that just results are reached to the fullest extent possible.").

21.     At this time, upon information and belief, the Honda and Takata Defendants continue to inspect and take possession of both ruptured or exploded and un-ruptured airbag component parts from investigated accident and/or other defective field vehicles and have also been replacing airbag inflators through the various varied and related recalls as well.

22.     Furthermore, Plaintiff also has reason to believe that some of this evidence/these ruptured and/or defective airbag inflator component parts or materials are being and/or have been transported outside of the United States and are currently being held at certain Takata facility locations in Japan.

23.     Plaintiff further has reason to believe that evidence could be destroyed in the process of this removal based upon the bad actions of the Honda and Takata Defendants thus far as it concerns their historical knowledge and joint concealment of the defect and prior accidents caused, their refusal to expand their the recalls and testify honestly and/or directly admit fault in the ongoing hearings and investigations, and the uncooperative stance that they have taken thus far as it concerns this request and other matters involved in this litigation.

24.     Therefore, for these reasons, and ultimately to protect the best interests of all parties involved in this case and the MDL proceedings, Plaintiff submits to this Court that

the ends of justice would be served herein by an Order clearly stating that the Honda and Takata Defendants are prohibited from and shall not destroy, alter, and/or remove any additional airbag inflator component parts from the United States including any of the previously gathered airbag inflators in their possession and/or any other evidence relevant or pertinent to the litigation.

25.     Furthermore, Plaintiff requests that the Order require the Honda and Takata Defendants to return, transport, preserve and appropriately store all of the ruptured and un-ruptured airbag inflators currently in their possession, whether previously removed from accident or defective field vehicles and/or recalled, collected, returned, or obtained during the ongoing recall proceedings, at some agreed upon or Court-designated location in the United States for shared testing and later analysis and disposition as well.

Pursuant to Local Rule 7.04 and 70.05, D.S.C., no memorandum accompanies this motion, as a full explanation of Plaintiff's request has been set forth herein.

As required by Local Rule 7.02, D.S.C., counsel for the Honda and Takata Defendants has been consulted regarding this motion, but the parties, thus far, have been unable to resolve the matters contained herein.

More specifically, Counsel for the Plaintiff first raised this issue yesterday, January 8, 2015, in discussions with lead counsel for both the Honda and Takata Defendants, to confirm that no such Order currently exists to protect the preservation of this information and evidence and to have them to consider this proposed Motion and Order sought.[12]

Since that time, Counsel has been informed that the Defendants have not yet had time to

---

[12] Counsel has also conducted a due diligence search of all PACER federal court filings and can find no evidence preservation Order(s) existing or filed in any related federal case involved in the Takata litigation.

respond or formulate a position, but given the urgency of this matter and lack of any Order to protect the status quo, Plaintiff is compelled to bring this matter now to the attention of the Court and to request a prompt grant of the emergency relief sought.

Respectfully submitted this 9th day of January, 2015.

**MOTLEY RICE LLC**

By:     s/Kevin R. Dean_____
        Joseph F. Rice, Esq. (Fed I.D. 3445)
        Kevin R. Dean, Esq. (Fed I.D. 8046)
        Jodi Westbrook Flowers, Esq. (SC 66300)
        W. Taylor Lacy, Esq. (Fed I.D. 9929)
        Kathryn A. Waites, Esq. (Fed I.D. 11959)
        28 Bridgeside Boulevard
        Mount Pleasant, South Carolina 29464
        Phone: (843) 216-9152
        Fax: (843) 216-9450
        kdean@motleyrice.com

        *ATTORNEYS FOR PLAINTIFF*