UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| ROBERT E. LYON, JR., Individually and as Personal Representative of the Estate of MARY LYON WOLFE, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5:14-cv-04485 |
| v. | ) ) | |
| TAKATA CORPORATION, TAKATA INC., TK HOLDINGS, INC., HIGHLAND INDUSTRIES, INC., HONDA MOTOR CO., LTD., HONDA R&D CO., LTD., AMERICAN HONDA MOTOR CO., INC., AND HONDA OF AMERICA MFG, INC. | ) ) ) ) ) ) ) ) | **TK HOLDINGS INC.'S ANSWERS TO LOCAL RULE 26.01 INTERROGATORIES** |
| Defendants. | ) ) | |

Pursuant to Rule 26.01 of the Local Civil Rules for the United States District Court, District of South Carolina, the Defendant, TK Holdings Inc. (hereinafter "TK Holdings") by its undersigned attorneys, makes the following answers to Court ordered Interrogatories:

(A)   State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**ANSWER:   TK Holdings is currently unaware of any person or legal entity that may have a subrogation interest in any of the claims alleged by Plaintiff.**

(B)   As to each claim, state whether it should be tried jury or nonjury and why.

**ANSWER:   All claims asserted should be tried to a jury as they involve tort claims for which a jury trial is appropriate.**

1

(C) State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

**ANSWER: (1) TK Holdings Inc. is a wholly-owned subsidiary of Takata Corporation, a publically traded company in Japan, organized under the laws of Japan, and with a principal place of business in Japan; (2) Takata Corporation owns 100% of TK Holdings Inc.; and (3) none.**

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). *See Local Civil Rule 3.01*.

**ANSWER: Based on facts as alleged in the Complaint, venue is proper in this division.**

(E) Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which *may be* related regardless of whether they are still pending. Whether cases *are* related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER:** *Sujata v. Takata Corporation, et al.*, No. 3:15-cv-00112-JMC is a products liability action currently pending in this Court involving similar allegations related to airbags in the subject vehicle. The United States Judicial Panel on Multidistrict Litigation ("Panel") issued CTO-1 on February 6, 2015, conditionally transferring the case to the United States District Court for the Southern District of Florida, which has been designated as the MDL Court and assigned the Honorable Frederico A. Moreno MDL Court. *See* CTO-1, *In re: Takata Airbag Products Liability Litig*, MDL No. 2599, ECF No. 306 (J.P.M.L. Feb. 6, 2015).

*Horton v. Takata Corporation, et al.*, No. 2:14-cv-04433-MDL is a putative class action currently pending in this Court involving claims for economic loss allegedly resulting from defective airbags. This action is also subject to CTO-1. *Id*.

(F) [Defendants only.] If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER: TK Holdings Inc. has been properly identified.**

(G) [Defendants only.] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

**ANSWER: TK Holdings denies that it is liable to the Plaintiff. At this time, TK Holdings does not assert that any other person or legal entity is liable to TK Holdings or the Plaintiff for any of the claims asserted against TK Holdings. However, TK Holdings specifically reserves the right to assert such claims.**

The Defendant(s) specifically reserve the right to supplement and/or change its Answers to these Interrogatories as discovery.

Respectfully submitted,

| | |
|---|---|
| DECHERT LLP | HOOD LAW FIRM |
| | |
| David Bernick (to be admitted pro hac vice) | s/ John O. Radeck, Jr. |
| 1095 Avenue of the Americas | |
| New York, New York 10036 | John O. Radeck, Jr. (12021) |
| | James B. Hood (9130) |
| Hope S. Freiwald (to be admitted *pro hac vice*) | 172 Meeting Street |
| Benjamin Barnett (to be admitted *pro hac vice*) | Post Office Box 1508 |
| 2929 Arch St. | Charleston, SC 29402 |
| Philadelphia, PA 19104 | Phone: (843) 577-4435 |
| | Facsimile: (843) 722-1630 |
| | Email: info@hoodlaw.com; |
| | john.radeck@hoodlaw.com |
| HARTLINE DACUS BARGER DREYER LLP | James B. Hood (james.hood@hoodlaw.com) |
| | |
| Kyle H. Dreyer (to be admitted *pro hac vice*) | |
| Giovanna T. Bingham (to be admitted p*ro hac vice*) | Attorneys for the Defendant |
| 8750 North Central Expressway | Highland Industries, Inc. |
| Suite 1600 | |
| Dallas, TX 75231 | |

Dated: **February 9, 2015**