**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| ROBERT E. LYON, JR., Individually and as Personal Representative of the Estate of MARY LYON WOLFE, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TAKATA CORPORATION, TAKATA, INC., )<br>TK HOLDINGS, INC., HIGHLAND )<br>INDUSTRIES, INC., HONDA MOTOR )<br>CO., LTD., HONDA R & D CO., LTD., )<br>AMERICAN HONDA MOTOR CO., INC., )<br>AND HONDA OF AMERICA MFG., INC. )<br>)<br>Defendants. ) | Civil Action No. 5:14-4485-JMC |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS AMERICAN HONDA MOTOR CO. INC. AND HONDA OF AMERICA MFG., INC.'S RULE 12(b)(6) MOTION TO DISMISS RE: STATUTE OF LIMITATIONS**

### I.    RELEVANT FACTS

Two important facts merit attention at the outset of this motion before proceeding any further. First, Plaintiff only alleges that the "frontal airbags deployed with excessive force"—as such, all parties are in agreement that this matter does *not* involve an allegation of airbag rupture. See Complaint, Dkt. No. 1, at ¶ 10.  And second, the subject vehicle has been destroyed since the incident.

With those facts in mind, this wrongful death case arises from a February 15, 2008 single motor vehicle incident on Griffith Drive in Orangeburg County, South Carolina. Mary Wolfe was the driver of a 2002 Honda Accord. While traveling eastbound on Griffith Drive, Ms. Wolfe veered off the right side of the roadway while rounding a curve and hit a culvert, mail box, and a tree before coming to a stopping in the yard of a home on Griffith Drive. See Complaint, Dkt. No. 1, at ¶¶4-6. Ms. Wolfe

died on March 3, 2008, beginning a three year statute of limitations period that expired on March 3, 2011.  See Complaint, Dkt. No. 1, at ¶17.  Plaintiff, Robert E. Lyon Jr., the Personal Representative of the Estate of Mary Lyon Wolfe, filed his Complaint against Honda on November 21, 2014, more than six and a half years after Ms. Wolfe passed away.

## II.     LEGAL ARGUMENT

### a.     Applicable Statute of Limitations

The statute of limitations applicable to Plaintiff's claims is set forth in S.C. Code §§ 15-51-10 and 15-3-530. South Carolina law requires that an action for personal injury and wrongful death be brought within three years after the cause of action accrues. See S.C. Code § 15-3-530(6); see also Weaver v. Lentz, 348 S.C. 672, 678-79, 561 S.E.2d 360, 363-364 (Ct. App. 2002) ("The statute of limitations applicable to wrongful death actions provides that the period begins to run upon the death of the person.").  "Statutes of limitations are not simply technicalities . . . [s]tatutes of limitations embody important public policy considerations in that they stimulate activity, punish negligence, and promote repose by giving security and stability to human affairs." Moates v. Bobb, 322 S.C. 172, 176, 470 S.E.2d 402, 404 (Ct. App. 1996).  "One purpose of a statute of limitations is 'to relieve the courts of the burden of trying stale claims when a plaintiff has slept on his rights.'" Id. (quoting McKinney v. CSX Transp., Inc., 298 S.C. 47, 49-50, 378 S.E.2d 69, 70 (Ct.App.1989)). "Another purpose of the statute of limitations is to protect potential defendants from protracted fear of litigation." Id.

In this case, Plaintiff failed to file his Complaint within the three year statute of limitations period.  See Complaint, Dkt. No. 1, filed on November 21, 2014.  Because Honda's statute of limitations defense clearly appears from the Complaint, Honda's Rule

2

12(b)(6) motion is appropriate. See Carrington v. Mnuchin, IMB, No. 5:13-03422-JM, 2014 WL 4249876, at *4 (D.S.C. Aug. 27, 2014) (attached hereto as an unpublished opinion).

    b.  The Discovery Rule and Equitable Tolling

  South Carolina applies the "discovery rule" to determining when the statute of limitations begins to run. In other words, an action must be commenced within the statute of limitations after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action. See S.C. Code 15-3-535; see also Estate of Livingston v. Livingston, 404 S.C. 137, 146, 744 S.E.2d 203, 208 (Ct. App. 2013). The Supreme Court of South Carolina interprets the "exercise of reasonable diligence" to mean that "the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on *notice* that a claim against another party might exists." Dean v. Ruscon Corp., 321 S.C. 360, 363-64, 468 S.E.2d 645, 647 (1996) (emphasis original). The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed. Moriarty v. Garden Sanctuary Church of God, 341 S.C. 320, 328-29, 534 S.E.2d 672, 676 (2000).

  Plaintiff's Complaint appears to argue that under the "discovery rule," the statute of limitations had not run yet on the basis of alleged fraudulent concealment. See Complaint, Dkt. No. 1, at ¶¶ 164-67. However, Plaintiff bears the burden of establishing that the discovery rule applies to this case, and even if his allegations of fraudulent conduct were sufficiently pled (which, as explained below, they are not), Plaintiff was on sufficient notice to timely pursue his cause of action against the Honda Defendants. See Hooper v. Ebenezer Senior Servs. & Rehab. Center, 386 S.C. 108, 115-17, 687

S.E.2d 29, 32-33 (2009) ("The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use.").

South Carolina courts permit equitable tolling where a litigant was prevented from filing suit because of an extraordinary event beyond his control, but "equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use." Id. at 117, 687 S.E.2d at 33. Similarly, federal precedent tolls the limitations period in three situations: (1) where the plaintiff has actively pursued his judicial remedies by filing a timely but defective pleading; (2) where extraordinary circumstances outside the plaintiff's control make it impossible for the plaintiff to timely assert his claim; or (3) where the plaintiff, by exercising reasonable diligence, could not have discovered essential information bearing on his claim." See Chao v. Virginia Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002). Equitable tolling is not appropriate, however, "where the claimant failed to exercise due diligence in preserving his legal rights." Irwin v. Dept. of Veterans, 498 U.S. 89, 96 (1990).

Here, for Plaintiff's claim of fraudulent concealment to equitably toll the statute of limitations, he must demonstrate that "(1) the party pleading the statute of limitations fraudulently concealed the facts that are the basis of plaintiff's claim, and (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc., 71 F.3d 119, 122 (4th Cir. 1995). The first element requires a showing of affirmative acts of concealment. Id. at 125. And while there is minimal South Carolina law on this issue, other courts have held that "[t]he doctrine of fraudulent concealment [for tolling the statute of limitations] does not come into play, whatever the lengths to which a

4

defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim." See Hobson v. Wilson, 737 F.2d. 1, 35 (D.C. Cir. 1984).

Ms. Wolfe sustained injuries on February 15, 2008, the date of the subject incident and died on March 3, 2008.  Moreover, to the extent Plaintiff is alleging that the Coroner's Report is evidence that the airbag caused Ms. Wolfe's injuries and/or death, the Coroner's Report was available to Plaintiff back on March 4, 2008.  See Complaint, Dkt. No. 1, at ¶15.  Therefore, on March 3, 2008, Plaintiff should have been aware of his cause of action that arose from the subject incident, and the statute of limitations began to run.  Thereafter, he had three years, until March 3, 2011, to file his action against Honda and anyone else he believes contributed to the death of Ms. Wolfe.

Any "fraudulent concealment" theory fails because Plaintiff has not sufficiently pled fraudulent concealment[1] and was on notice of a possible claim despite any allegedly fraudulent conduct.  Specifically, Plaintiff's Complaint is devoid of allegations of specific affirmative acts of concealing the alleged subject defect and similarly fails to allege when and how he discovered Honda's alleged fraud. See Summerhill v. Terminix, Inc., 637 F.3d 877, 881 (8th Cir.2011) ("By failing to allege when and how he discovered [defendant's] alleged fraud, [plaintiff] has failed to meet his burden of sufficiently pleading that the doctrine of fraudulent concealment saves his otherwise time-barred claims.").[2] Instead, the Complaint sets forth mere innuendo.  See Complaint, Dkt. No. 1, at ¶¶164-

---

[1] Under the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure, Plaintiff must state all averments of fraud, including those pertaining to fraudulent concealment, with particularity. Boland v. Consolidated Multiple Listing Serv., Inc., 868 F. Supp.2d 506, 518 (D.S.C. 2011) (dismissing allegations of equitable tolling and fraudulent concealment for failing to allege affirmative acts of concealment or affirmative steps to mislead).

[2] Nowhere in Plaintiff's Complaint does he allege when he actually discovered the alleged fraudulent concealment, meaning there is no indication when any tolling of the statute of limitations should have ended.  Therefore, Plaintiff should not be entitled to rely on fraudulent concealment to toll the statute of limitations. See Lewis v. Pella Corp., 2014 WL 7264893, at *3-4 (D.S.C. Dec. 18, 2014) (attached hereto as an unpublished opinion).

166. Without reference to specific affirmative acts of concealment, it is not plausible to infer fraudulent concealment. More importantly, any argument regarding fraudulent concealment fails because, as Plaintiff admits, Ms. Wolfe's vehicle was subject to the April 27, 2011 NHTSA Recall Number 11V-260 for the driver's airbag. See Complaint, Dkt. No. 1, at ¶39.  Accordingly, even if Plaintiff was not on notice until April 27, 2011, he still failed to file his Complaint on or before April 27, 2014.

For the foregoing reasons, Honda respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice because it was not commenced timely and is, therefore, barred by the statute of limitations.

Respectfully submitted,

BOWMAN AND BROOKE LLP

By:  /s/Joel H. Smith

Joel H. Smith
Federal Bar. No.5266
Email:  joel.smith@bowmanandbrooke.com
Courtney C. Shytle
Federal Bar No. 07148
Email: courtney.shytle@bowmanandbrooke.com
M. Brooks Miller
Federal Bar No. 11527
E-Mail: brooks.miller@bowmanandbrooke.com
1441 Main Street, Suite 1200
Columbia, SC  29201
(803) 726-7420

Counsel for Defendants
American Honda Motor Co., Inc. and
Honda of America Mfg., Inc.

Columbia, South Carolina
February 9, 2015